WILLIS R. SANDERS AND HERMAN TRAUNSTEIN, PART-
NERS, TRADING AS REAL ESTATE SERVICE COMPANY,
PLAINTIFF-APPELLEE, v. FANNIE FRIED, DEFENDANT-
APPELLANT.

Argued May term, 1927—Decided October 5, 1927.

Sale of Real Estate—Agent's Commissions—Exclusive Agency
for a Limited Time—Sale Consummated Within Time
Through Another Agent—Held, Testimony That Agreement
was Not to Become Effective Unless Pending Sale was Con-
summated was Within Rule Excluding Parol Evidence.

On appeal from the Orange District Court.

Before Justices PARKER, MINTURN and CAMPBELL.

For the defendant-appellant, *Hubert J. Harrington* (*George
B. Bailey*, of counsel).

For the plaintiff-appellee, *William A. Lord*.

PER CURIAM.

The case was tried by the court and a jury, and the court
directed a verdict for $448 in favor of the plaintiff.

This action was by the plaintiff real estate agents, to recover
commissions under an agreement with defendant appointing
them exclusive selling agents for one month until the con-
tract would be terminated by thirty days' written notice,
and it was therein agreed to pay them "a commission of
* * * irrespective of by whom such sale * * * may
be made or effected during such time."

The evidence was that the plaintiff produced a buyer to
whom defendant refused to sell, because the property had
already been sold through another agent.

It was shown that this latter sale was in negotiation at
the time the agreement between the plaintiff and the de-
fendant was executed, and the defense was that the executed

agreement was to become effective only if the existing nego-
tiation failed to result in a sale of the property. The trial
court excluded testimony tending to fasten this condition upon
the agreement, and this ruling presents the substantial basis
of the defendant's appeal.

In *Freeman* v. *Van Wagener,* 90 *N. J. L.* 358, an attempt
to make a similar agreement applicable only if the property
was sold to a certain buyer, and this court held such an at-
tempt to be within the parol evidence rule. Here, the con-
tention is that the agreement was to become applicable only
if a certain sale in negotiation would not be consummated.
We think the same rule of exclusion is equally applicable,
and that the trial court was correct in so holding.

The judgment will be affirmed.